2009 Ark. 283

**In re F. Scott STRAUB, Arkansas Bar No. 98019.**

**No. 09–404.**

Supreme Court of Arkansas.

May 14, 2009.

PER CURIAM.

F. Scott Straub was granted the privilege of practicing law in the State of Arkansas by this Court in 1998. On April 20, 2009, the Arkansas Supreme Court Com-

mittee on Professional Conduct (the Committee) filed a petition to reciprocally disbar Straub. The petition stated that on March 9, 2009, the Office of Professional Conduct received notification that Straub had been permanently disbarred from practicing law in the State of Louisiana and that, pursuant to Section 14(A). of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (the Procedures), the disbarment of any person from the practice of law in any other state shall operate as a disbarment of such person from the practice of law in this State under any license issued to such person by the Arkansas Supreme Court prior to his or her disbarment in such other state. The petition also noted that Straub was given full notice of all Louisiana proceedings ⌊2and had ample opportunity to defend himself. On April 29, 2009, an amended petition to reciprocally disbar was filed, which stated that Straub had also been given notice of the Committee's action directing the filing of the petition for reciprocal disbarment by sending notice to Straub's address of record with the Clerk and by telephone on March 27, 2009.

Also on April 29, 2009, Straub filed a response to the petition to reciprocally disbar, asserting that he was not given proper notice of the formal charges filed against him in Louisiana; a motion for an evidentiary hearing on the petition to reciprocally disbar; a motion for stay pending appeal of his Louisiana disbarment; and a petition for writ of mandamus. The Louisiana Office of Disciplinary Counsel filed two sets of formal charges against Straub, but he contends that he received notice only of the first set of formal charges, and was unable to defend himself against those allegations due to life-threatening health problems and extreme financial hardship from medical expenses. Straub contends that the time for appeal of

his Louisiana disbarment has not run, that he is making all possible efforts to pursue that appeal, and he urges this court to grant a stay of these proceedings pending the result of that appeal. We find merit in Straub's argument and hereby grant a stay in these proceedings and remand the matter to the Committee, pending the result of the Louisiana appeal. We deny his request for an evidentiary hearing. We also deny his petition for writ of mandamus without prejudice.

⌊3Motion to Stay granted; remanded to Arkansas Supreme Court Committee on Professional Conduct.